UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID CULLEN THIESSEN,<br><br>Petitioner,<br>v.<br><br>WARDEN, ELY STATE PRISON, *et al.*,<br><br>Respondents. | Case No. 3:20-cv-00128-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

Petitioner, David Cullen Thiessen, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies the petition because it is without merit on its face.

**II.  BACKGROUND**

Thiessen agreed to plead guilty in the Second Judicial District Court of the State of Nevada to burglary. (ECF No. 1-1 at 11–16.) The state district court sentenced Thiessen to a minimum term of 48 months and to a maximum term of 120 months. (*Id.*) Thiessen did not directly appeal the judgment of conviction. (*Id.* at 2.)

Thiessen pursued two state-court collateral attacks on his judgment of conviction. First, on April 5, 2018, he filed a petition for a writ of habeas corpus in the First Judicial District Court of the State of Nevada. In that petition, he challenged the method of accrual of credits toward his sentence. (*See* ECF No. 1-1 at 22 (state district court's summary of Thiessen's claim).) The state district court denied the petition. (*Id.* at 22–23.) On appeal, the Nevada Court of Appeals affirmed. (*Id.* at 24–25.)

Second, on March 22, 2019, Thiessen filed a motion to modify his sentence in the criminal case in the Second Judicial District Court of the State of Nevada. In that motion,

he challenged the length of the minimum term of his sentence. (ECF No. 1-1 at 17–18 (state district court's summary of Thiessen's claim).) The state district court denied the petition. (*Id.* at 17–20.) On appeal, the Nevada Court of Appeals affirmed. (*Id.* at 27–29.)

Thiessen then commenced this action. He raises the same claims that he raised in his two state-court collateral petitions.

## III. DISCUSSION

### A. GROUND 1 LACKS MERIT

In ground 1, Thiessen claims that the guilty plea agreement promised a sentence with a minimum term of 1 year and a maximum term of 10 years, which he did not receive. The allowable sentences for burglary are a minimum term of not less than 1 year and a maximum term of not more than 10 years. NRS § 205.060(2) (2013). "The minimum term of imprisonment that may be imposed must not exceed 40 percent of the maximum term imposed." NRS § 193.130(1) (1999). The prison sentence that Thiessen received, a minimum term of 48 months and a maximum term of 120 months, is within the range that those two statutes allow.

The guilty plea agreement did not promise Thiessen a particular sentence. Paragraph 6 states, "I understand that the consequences of my plea of guilty are that I may be imprisoned for a period of 1 to 10 years in the Nevada State Department of Corrections." (ECF No. 1-1 at 12.) That simply restates the available range of prison sentences for burglary. Neither that paragraph, nor any other paragraph, stipulates that the state district court must impose a minimum term of 1 year and a maximum term of 10 years for the plea agreement to be valid. Neither that paragraph, nor any other paragraph, gives Thiessen the right to withdraw his plea agreement if the court imposes a sentence other than a minimum term of 1 year and a maximum term of 10 years. Furthermore, the plea agreement did not end there. Paragraph 7 states, in relevant part, "In exchange for my plea of guilty, the State, my counsel and I have agreed to the recommend the following: Both parties will be free to argue for an appropriate sentence." (*Id.* at 13.) Paragraph 8 states, "I understand that, even though the State and I have reached this plea agreement,

the State is reserving the right to present argument, facts, and/or witnesses at sentencing in support of the plea agreement." (*Id.*) The plea agreement would not contain these paragraphs if Petitioner and the prosecution had agreed on a fixed sentence. Then, paragraph 12 states, in relevant part:

> I understand that the Court is not bound by the agreement of the parties and that the matter of sentencing is to be determined solely by the Court. I have discussed the charges, the facts and the possible defenses with my attorney. All of the foregoing rights, waiver of rights, elements, possible penalties, and consequences, have been carefully explained to me by my attorney. My attorney has not promised me anything not mentioned in this plea memorandum, and, in particular, my attorney has not promised that I will get any specific sentence.

(*Id.* at 14.) This paragraph disclaims any promise of a specific sentence. The written plea agreement, read as a whole, does not promise or even hint at a promise that Thiessen would receive a minimum term of 1 year and a maximum term of 10 years. Ground 1 is without merit.

### B. GROUND 2 LACKS MERIT

In ground 2, Petitioner alleges that he is not receiving 20 days of credit per month toward his minimum term under NRS § 209.4465. According to the guilty plea agreement, Petitioner committed burglary on September 9, 2017. (ECF No. 1-1 at 12 ¶ 4.) The version of § 209.4465 in effect at the time states, in relevant part:

> 1. An offender who is sentenced to prison for a crime committed on or after July 17, 1997, who has no serious infraction of the regulations of the Department, the terms and conditions of his or her residential confinement or the laws of the State recorded against the offender, and who performs in a faithful, orderly and peaceable manner the duties assigned to the offender, must be allowed:
>
> (a) For the period the offender is actually incarcerated pursuant to his or her sentence . . .
>
> a deduction of 20 days from his or her sentence for each month the offender serves . . .
>
> 7. Except as otherwise provided in subsection[] 8 . . . , credits earned pursuant to this section: . . .
>
> (b) Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.

3

> 8. Credits earned pursuant to this section by an offender who has not been convicted of: . . .
>
> (d) A category A or B felony,
>
> apply to eligibility for parole and . . . must be deducted from the minimum term . . . imposed by the sentence . . . until the offender becomes eligible for parole . . . .

Burglary is a category B felony. NRS § 205.060(2). Under NRS § 209.4465(8)(d), the credits Petitioner earns do not apply to his minimum term. However, Petitioner alleges:

> The district court and the state court of appeals both erroneously quote a date of July 1, 2007 and apply it to the statute quoted. This date does not exist in the statute. The arbitrary date of July 1, 2007 magically materializes in these two court's opinions without existing in the plain language of the statute itself.

(ECF No. 1-1 at 6.) Petitioner is incorrect. In the entry of § 209.4465, after the text of the statute itself, are "Credits" that cite the amendments to the statute. One citation is "Laws 2007, c. 525, § 5, eff. July 1, 2007." Additionally, in affirming the denial of Petitioner's state habeas corpus petition, the Nevada Court of Appeals cited "2007 Nev. Stat., ch. 525, § 5, at 3177, § 22 at 3196." (ECF No. 1-1 at 24.) These citations are to a session law of the Nevada Legislature that, among other actions, amended NRS § 209.4465.[1] In particular, § 5 added NRS § 209.4465(8), and it added an exception in § 209.4465(7) for subsection 8. Then, § 22 of the session law provides that § 5 becomes effective on July 1, 2007. Therefore, at all relevant times, § 209.4465(8)(d) was in effect, because Petitioner committed burglary on September 9, 2017. Under § 209.4465(8)(d), Petitioner correctly is not receiving credits toward his minimum term and parole eligibility. Ground 2 is without merit.

### C.     GROUND 3 LACKS MERIT

In ground 3, Petitioner claims that the application of NRS § 209.4465(8)(d) to him violates the Equal Protection Clause of the Fourteenth Amendment. He alleges:

> In Nevada in recent years--many other inmates in similarly situated circumstances have had time take off their eligibility for parole--some with

---

[1]The Nevada Legislature also has amended § 209.4465 after 2007, but those amendments are not relevant to Petitioner's claims.

4

> category A felonies--others with category B felonies. I am being arbitrarily excluded from this group by a date quoted that does not exist in the law.

(ECF No. 1-1 at 8.)[2] Petitioner is incorrect. In *Williams v. State Dep't of Corr.*, 402 P.3d 1260 (Nev. 2017), the Nevada Supreme Court held that people who committed crimes *before* July 1, 2007 could not have NRS § 209.4465(8) applied to them, because that subsection did not yet exist. Instead, the provision that applied to those people was § 209.4465(7)(b), which provides that credits earned pursuant to the section "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." Petitioner committed burglary *after* July 1, 2007, and thus after the effective date of § 209.4465(8). He is not similarly situated to prisoners who are receiving relief under *Williams*, and the application of § 209.4465(8) to him does not violate the Equal Protection Clause. Ground 3 is without merit.

## D. THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The guilty plea agreement, read in whole, shows that Petitioner was not promised any particular sentence. To the extent that misapplication of NRS § 209.4465 implicates federal constitutional rights, Petitioner's claims are clearly without merit because the state is not misapplying § 209.4465 to him. Reasonable jurists would not find the Court's determinations to be debatable or wrong. The Court will not issue a certificate of appealability.

///

---

[2]In ground 2, the Court rejected the claim about the non-existent effective date.

5

**IV. CONCLUSION**

It is therefore ordered that the Clerk of the Court file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

It is further ordered that the petition for a writ of habeas corpus is denied. The Clerk will enter judgment accordingly and close this action.

It is further ordered that the Court will not issue a certificate of appealability.

It is further ordered that the Clerk must add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk electronically serve upon Respondents a copy of this order and the petition. No response is necessary.

DATED THIS 4th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE